IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MORTGAGE RESEARCH CENTER, LLC (D/B/A VETERANS UNITED AND VETERANS UNITED HOME LOANS),<br><br>Plaintiff,<br><br>v.<br><br>ICONIC RESULTS, LLC; DOES 1 - 100,<br><br>Defendants. | Case No. 15-4210<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Mortgage Research Center, LLC (d/b/a Veterans United and Veterans United Home Loans) ("Veterans United") hereby alleges against Defendants Iconic Results, LLC ("Iconic Results"), and Does 1 through 100 (collectively, "Defendants") as follows:

### INTRODUCTION

1. This lawsuit arises out of Defendants' unlawful use of service marks owned by Veterans United for purposes of soliciting customers of Veterans United to refinance their Veterans United home mortgage loans with third-party financial institutions, in violation of the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act").

2. Veterans United is the owner of the federally-registered service mark "Veterans United," Registration No. 4,131,122. Veterans United also is the owner of the service mark "Veterans United Home Loans," Trademark/Service Mark Application Serial No. 86725529 (filed Aug. 14, 2015) (collectively, the "Veterans United Marks").

3. Despite knowing of Veterans United's service mark rights, and without Veterans United's authorization, Defendants have used and continue to use the Veterans United Marks, and various other marks that are confusingly similar to the Veterans United Marks (including without limitation "Veterans Services United," "United Veterans," and "Veterans Benefit Services"), in communications with current and potential home mortgage loan customers of Veterans United for purposes of soliciting those customers to refinance their home mortgage loans with various unknown third-party financial institutions named herein as Does 1 through 100 (the "Doe Defendants"). Defendants' use of the Veterans United Marks and confusingly similar imitations of the Veterans United Marks to solicit mortgage loan refinancing business infringes the Veterans United Marks.

4. Veterans United has been damaged by Defendants' infringement and requests that this Court enjoin Defendants from continuing their use of the Veterans United Marks and confusingly similar imitations of the Veterans United Marks. Veterans United also seeks damages.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants regularly conduct business within the State of Missouri, Defendants have used the Veterans United Marks and confusingly similar imitations of the Veterans United Marks in communications with Veterans United customers within the State of Missouri, and Defendants' infringing acts have caused injury within the State of Missouri.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to Veterans United's claims occurred in this District and because Defendants regularly conduct business within this District.

## PARTIES

8.      Veterans United is a Missouri limited liability company with its principal place of business at 1400 Veterans United Drive, Columbia, Missouri, 65203.

9.      On information and belief, Iconic Results is an Arizona limited liability company with its principal place of business at 8125 North 23rd Avenue, Phoenix, Arizona, 85021.

10.     The true names and capacities of the Doe Defendants are unknown to Veterans United, who therefore sues them under fictitious names. Each of the Doe Defendants is legally responsible in some manner for the wrongdoing alleged herein. Veterans United will amend its Complaint to allege the true names and capacities of the Doe Defendants when they become known.

## BACKGROUND FACTS

11.     Veterans United was founded in 2002 and is a leading provider of home mortgage loans to veterans of the United States Armed Forces under the United States Department of Veterans Affairs' ("VA") Home Loan Guaranty Program. Since its founding, Veterans United has provided tens of billions of dollars in VA-guaranteed home mortgage loans to veterans and has achieved a reputation as a leader in the VA home loan industry.

12.     Veterans United is the owner of the federally-registered service mark "Veterans United," Registration No. 4,131,122, issued by the United States Patent and Trademark Office ("USPTO") on April 24, 2012. A copy of the Certificate of Registration for this mark is attached as **Exhibit A**. This mark was first used in commerce at least as early as April 2011.

13.     Veterans United also is the owner of the common law service mark "Veterans United Home Loans." Veterans United has a pending Trademark/Service Mark Application for this mark. That Application was filed on August 14, 2015 and bears Serial No. 86725529. A copy of this Application is attached as **Exhibit B**. This mark was first used in commerce at least as early as April 2011.

14.     Since at least 2010, Veterans United has used the Veterans United Marks in commerce throughout the United States to reflect its status as a valuable and unique financial resource for thousands of veteran homebuyers and their families. As a result, the Veterans United Marks have become well known to the general public as associated with Veterans United. Veterans United has established significant goodwill in and public recognition of the Veterans United Marks.

15.     On information and belief, Iconic Results provides lead generation and aggregation services and online marketing services to the home mortgage loan and education finance industries. Iconic Results' business includes the generation of customer leads on behalf of various third-party financial institutions engaged in the business of home mortgage loan refinancing.

16.     On information and belief, the Doe Defendants provide banking and financial services, including home mortgage loan refinancing, to customers throughout the United States.

17.     The Doe Defendants are purchasers and beneficiaries of certain mortgage loan refinancing leads generated by Iconic Results.

18.     Beginning in or about March 2014, representatives of Iconic Results, acting as lead generators on behalf of the Doe Defendants, have telephoned customers to whom Veterans United issued VA-guaranteed home mortgage loans, as well as potential customers for Veterans

United issued VA-guaranteed home mortgage loans, to solicit those customers to refinance their loans with the Doe Defendants. Without Veterans United's knowledge or authorization, and without disclosing their status as agents of Iconic Results, these representatives have identified and continue to identify themselves to Veterans United's customers as employees of "Veterans United," "Veterans United Home Loans," "Veterans Services United," "United Veterans," and/or "Veterans Benefit Services." These representatives have referred and continue to refer interested customers to the Doe Defendants.

19. For example, on or about August 21, 2015, a representative of Iconic Results, purporting to act on behalf of "United Veterans," telephoned Brock Cooper, General Counsel of Veterans United, to solicit him to refinance his loan. Mr. Cooper was referred by Iconic Results to a Doe Defendant for the purpose of refinancing his home mortgage loan.

20. Upon information and belief, as a direct result of Defendants' unauthorized use of the Veterans United Marks and confusingly similar imitations of the Veterans United Marks, many of Veterans United's existing mortgage loan customers have opted to refinance their loans with third-party financial institutions, including the Doe Defendants

21. Upon information and belief, these customers, and others, have been confused as to the source of the telephone solicitations made by Iconic Results on behalf of those financial institutions.

22. Defendants' unauthorized use of the Veterans United Marks and confusingly similar imitations of the Veterans United Marks to solicit mortgage loan refinancing business has caused and is likely to continue causing confusion, mistake, and/or deception among consumers, including Veterans United's existing customers, by creating the false impression that services provided by Defendants are provided by, authorized by, or in some manner associated with

Veterans United. The confusion, mistake, and/or deception engendered by Defendants' misappropriation of the Veterans United Marks has caused and will continue to cause irreparable harm to the reputation and goodwill symbolized by the Veterans United Marks.

## **FIRST CLAIM FOR RELIEF**
**(Federal Service Mark Infringement of "Veterans United" Mark – 15 U.S.C. § 1114)**

23. Veterans United re-alleges and incorporates herein by reference all preceding paragraphs as if fully set forth herein.

24. Defendants have knowingly and willfully used Veterans United's federally-registered "Veterans United" service mark and other confusingly similar imitations, including "Veterans United Home Loans," "Veterans Services United," "United Veterans," and "Veterans Benefit Services," in interstate commerce in connection with soliciting Veterans United customers to refinance their home mortgage loans, and Defendants are likely to continue that use in the future, in violation of 15 U.S.C. § 1114.

25. Defendants' use of confusingly similar imitations of Veterans United's federally-registered "Veterans United" service mark has caused and, unless enjoined by this Court, is likely to continue causing confusion, mistake, and/or deception among consumers by creating the false impression that Defendants' services are affiliated with, connected to, or associated with Veterans United.

26. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the federally-registered "Veterans United" service mark, to the great and irreparable injury of Veterans United for which there is no adequate remedy at law.

27. Defendants' unlawful acts and practices have caused and are likely to continue causing substantial and irreparable injury to the public and to Veterans United, and Veterans United is entitled to preliminary and permanent injunctive relief and to recover, in addition to its

actual damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorney fees pursuant to 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF
### (Common Law Infringement of "Veterans United" Mark)

28. Veterans United re-alleges and incorporates herein by reference all preceding paragraphs as if fully set forth herein.

29. Defendants have knowingly and willfully used the Veterans United Marks and other confusingly similar imitations, including "Veterans United Home Loans," "Veterans Services United," "United Veterans," and "Veterans Benefit Services," in commerce in connection with soliciting Veterans United customers to refinance their home mortgage loans, and Defendants are likely to continue that use in the future.

30. Defendants' use of confusingly similar imitations of the Veterans United Marks has caused and, unless enjoined by this Court, is likely to continue causing confusion, mistake, and/or deception among consumers by creating the false impression that Defendants' services are affiliated with, connected to, or associated with Veterans United.

31. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Veterans United Marks, to the great and irreparable injury of Veterans United for which there is no adequate remedy at law.

32. Defendants' unlawful acts and practices have caused and are likely to continue causing substantial and irreparable injury to the public and to Veterans United, and Veterans United is entitled to preliminary and permanent injunctive relief and to recover, in addition to its actual damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorney fees.

## THIRD CLAIM FOR RELIEF
### (Federal Unfair Competition – 15 U.S.C. § 1125(a))

33. Veterans United re-alleges and incorporates herein by reference all preceding paragraphs as if fully set forth herein.

34. Veteran United is the owner of the Veterans United Marks, which are inherently distinctive and/or have acquired secondary meaning as an identifier of Veterans United as the source of goods and services.

35. Defendants have knowingly and willfully used the Veterans United Marks and other confusingly similar imitations of the Veterans United Marks, including "Veterans Services United," "United Veterans," and "Veterans Benefit Services," in interstate commerce in connection with soliciting Veterans United customers to refinance their home mortgage loans, and Defendants are likely to continue that use in the future.

36. Defendants' use of the Veterans United Marks and other confusingly similar imitations of the Veterans United Marks, including "Veterans Services United," "United Veterans," and "Veterans Benefit Services," in connection with soliciting mortgage loan refinancing business is likely to cause confusion, mistake, and/or deception among consumers as to affiliation, connection, or association, and constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Veterans United Marks, to the great and irreparable injury of Veterans United for which there is no adequate remedy at law.

38. Defendants' unlawful acts and practices have caused and are likely to continue causing substantial and irreparable injury to the public and to Veterans United, and Veterans United is entitled to preliminary and permanent injunctive relief and to recover, in addition to its

actual damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorney fees pursuant to 15 U.S.C. §§ 1125(a), 1116, and 1117.

## PRAYER FOR RELIEF

WHEREFORE, Veterans United respectfully prays for a judgment against Defendants as follows:

(a) That Defendants, their officers, directors, shareholders, principals, agents, servants, employees, attorneys, and related companies, and all persons in active concert or participation with one or more of them, be preliminarily and permanently enjoined and restrained from using the Veterans United Marks and any mark that is confusingly similar to the Veterans United Marks, including "Veterans Services United," "United Veterans," and "Veterans Benefit Services";

(b) That this Court award Veterans United damages adequate to compensate Veterans United for Defendants' acts of infringement and unfair competition;

(c) That Veterans United be awarded its actual damages and lost profits in an amount to be proven at trial;

(d) That Defendants be required to account for any profits attributable to their unlawful acts and practices as described in this Complaint;

(e) That Veterans United be awarded the greater of three times Defendants' profits or three times any damages sustained by Veterans United, plus prejudgment interest;

(f) That all products, labels, signs, advertisements, and Internet content in Defendants' possession, custody, or control bearing the Veterans United Marks and any confusingly similar mark that is found to be in violation of the Lanham Act or any reproduction, counterfeit, copy, or simulation thereof shall be delivered up by Defendants and destroyed or sufficiently altered to remove all reference to the infringing marks;

(g) That Defendants be required to pay the costs and reasonable attorney fees and disbursements incurred by Veterans United in this action; and

(h) That Veterans United be awarded any such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Veterans United hereby demands a jury trial on all issues so triable.

Date: September 28, 2015

Respectfully submitted,

LATHROP & GAGE LLP

By: /s/ R. Cameron Garrison
R. Cameron Garrison (MO #54064)
cgarrison@lathropgage.com
2345 Grand Boulevard, Suite 2800
Kansas City, MO 64108-2612
Tel: (816) 292-2000
Fax: (816) 292-2001

*Attorneys for Plaintiff*
*Mortgage Research Center, LLC*
*(d/b/a Veterans United and Veterans United Home Loans)*
